UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RICHARD SCHILKE and PAMELA ) 
SCHILKE, )
         )
         Plaintiffs, )
         )
v. )    No. 3:16-cv-195-HBG
         )
OAK RIDGE NISSAN, *et al.* )
         )
         Defendants. )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties for all further proceedings, including entry of judgment [Doc. 22].

Now before the Court is the Plaintiffs' Motion for Joinder of Nissan North America, Inc. as Voluntary or Involuntary Party [Doc. 81]. The Defendants have responded [Docs. 85 and 87] in opposition to the Motion. The Motion is now ripe and ready for adjudication. Accordingly, for the following reasons, the Plaintiffs' Motion [Doc. 81] is not well-taken, and it is **DENIED**.

The Plaintiffs' Motion requests that the Court join Nissan North America, Inc., ("NNA") based upon "new issues" alleged in the Plaintiffs' Second Amended Complaint. The Plaintiffs argue that NNA should be joined as evidence regarding Defendant Oak Ridge Nissan's misuse of NNA's Manufacturer's Rebate and that the Service Agreement between Defendant Oak Ridge Nissan and NNA "lays the foundation of the artifice of the surreptitious substitution of one car as another." Further, the Plaintiffs assert that they intend to request from NNA the amount of the Manufacturer's Rebate that was applied to the Plaintiffs' vehicle and the two vehicles "of which

some pictures . . . with Vehicle Identification Numbers have been added to the record." [Doc. 81 at 3].

Defendant Nissan Motor Acceptance Corporation ("NMAC") filed an objection [Doc. 85] to the Motion arguing that the Second Amended Complaint does not seek any relief from or damages against NNA. In addition, Defendant NMAC states that Defendant Oak Ridge Nissan, as the dealer and party to the Franchise Agreement, will defend the interest of NNA. Further, Defendant NMAC argues that the primary reason that the Plaintiffs seek to include NNA as a party is to obtain documentation and that such relief is available to the Plaintiffs pursuant to Federal Rule of Civil Procedure 45.

Defendants Oak Ridge Nissan, Scott Grapp, Joshua Jackson, Rondel Wilson and Shannon Boling ("ORN Defendants") also filed an objection [Doc. 87] to the Motion. The ORN Defendants state that the Plaintiffs have provided no evidence that the absence of NNA as a party to this litigation would deprive the Court from the ability to accord complete relief among the parties. In addition, the ORN Defendants argue that the Plaintiffs have not asserted any claims against NNA. The ORN Defendants state that the sole basis for the Plaintiffs' request is to obtain additional documentation to support their alleged claims against the current Defendants.

As mentioned above, the Plaintiffs request that NNA be joined as a party pursuant to Rule 19. Specifically, Rule 19(a)(1)(A) states, in relevant part, that a person is "required to be joined if feasible" if in "that person's absence, the court cannot accord complete relief among existing parties." If the threshold requirements of Rule 19(a) are met, the Court moves to Rule 19(b) to determine whether, "[i]f a person who is required to be joined if feasible cannot be joined . . . in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

In the present matter, the Plaintiffs have not established that the absence of NNA would deprive the Court from the ability to accord complete relief among the parties. As the Defendants have asserted, it appears that the Plaintiffs seek to obtain documentation from NNA, which does not require NNA to be joined as a party in the instant action. Further, the Plaintiffs have not asserted any claims against NNA. Accordingly, the Court finds the Plaintiffs' Motion for Joinder of Nissan America Inc. as Voluntary or Involuntary Party [**Doc. 81**] is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

United States Magistrate Judge